BYRON JONES, by Next Friend, Respondent, v. THE
ST. JOSEPH & GRAND ISLAND RAILWAY
COMPANY, Appellant.

Kansas City Court of Appeals, November 2, 1914.

1. JUDGMENTS: Default: Motion in the Nature of a Writ of
Error Coram Nobis: Negligence. An attorney, representing
a defendant which had been served and had filed answer, had a
telephone conversation with opposing counsel wherein it was
agreed that the case should be continued at the April term.
Thinking that the conversation contained an agreement that
nothing would be done in the case until an effort to compromise
had first been made, the attorney paid no attention to the
case at the next term thereafter and judgment was rendered
against his client at the September term. Before he can have
the judgment set aside, he must, in addition to a showing of
meritorious defense, prove that he was not negligent. The
telephone conversation did not contain an explicit agreement
that nothing would be done before an effort to compromise had
been made. That was rather an inference which might be drawn
therefrom. And inasmuch as nothing was done to attempt a
compromise, nor to ascertain whether such construction of the
conversation was correct, an inference of negligence may be
drawn therefrom by a reasonable mind.

2. ———: ———: ———: Evidence: Question for Trial
Court. The question what agreement was actually contained
in the telephone conversation as well as the reasonable infer-
ences to be drawn from the evidence submitted, are for the
judge who hears the motion, and where there is substantial
evidence to support his ruling on the motion, it will not be
disturbed.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*Brown & Eastin* and *W. S. Herndon* for appellant.

*Pross T. Cross* and *R. H. Musser* for respondent.

TRIMBLE, J.—This is an appeal from an order of the circuit court of Clinton county overruling a motion in the nature of a writ of error *coram nobis* filed by appellant to set aside a judgment rendered against it at the September, 1913, term of said court.

Respondent brought a damage suit for personal injuries alleging that while a passenger on one of defendant's trains he was injured in alighting therefrom through the negligence of the railroad employees in failing to assist him to alight at the Union Depot in St. Joseph, and in using a defective step box which did not set firm on the station platform, for all which he prayed judgment in the sum of $1500.

A writ of summons was issued and served returnable to the January, 1913, term of said court, at which the defendant appeared and filed answer in proper time. Thereupon the cause was continued by agreement to the April term.

When the cause was reached at this term it was again continued pursuant to an agreement made a few days prior to the term in a conversation over the telephone between defendant's attorney, L. J. Eastin, at St. Joseph, Missouri, and plaintiff's principal attorney, Pross T. Cross, at Lathrop. This telephone conversation is important because it is contended by the appellant railroad that it not only provided for a continuance at the April term but also contained an agreement or understanding between the opposing counsel that the case would not be for trial until after a compromise had been considered and found to be impos-

sible. This alleged feature of the telephone agreement
has a direct bearing upon the validity of what was done
at the following September term at which the judgment
sought to be set aside was rendered. Respondent
contends, however, that nothing in the nature of an
agreement as to anything except a continuance at the
April term was mentioned between them.

The September, 1913, term began on September
22 and the cause appeared on the docket for the 24th
of that month. No orders or entries of record were
made but, according to the evidence, the case was laid
over without action from day to day until the last day
of the term, October 9, 1913, when the record recites
that the plaintiff appeared in person and by counsel
and that the defendant, although served with sum-
mons and having filed answer, came not, whereupon
a jury was waived and the cause submitted to the court
which, after hearing the evidence, found for plaintiff
and rendered judgment in his favor for fifteen hundred
dollars together with costs and award of execution.
Thereafter, on the same day, court adjourned for the
term.

Later, when an execution had been issued and
was about to be levied, appellant discovered that the
judgment had been rendered and filed its motion in
the nature of a writ of error *coram nobis* to set it
aside. The court, after hearing the evidence in sup-
port of and in opposition to said motion, overruled
it, whereupon this appeal was taken.

Mr. Eastin's version of the telephone agreement
out of which this whole controversy arose is as fol-
lows: "Some two or three days before the cases
were for trial, I called up Mr. Cross, by telephone,
at Lathrop, and asked him if he was going to be ready
for trial, and if there was any reason he knew of that
the cases were going over and if the cases were not
for trial, there wouldn't be any occasion for taking the
witnesses down, and occupying the time of the lawyers,

.and everybody else. Mr. Cross said in reply to that, that he didn't want to try the cases, and that he wanted to enter into negotiations for a compromise of the cases without going to trial." . . . I told him we were always willing to attempt a compromise of the cases without the trial of any case. We are easy to settle with, and that we would be glad to take up the matter of adjustment of the cases at some convenient time. . . . He said that was all right; we would take the matter up later on, and see if we couldn't get together."

Mr. Cross' version of the conversation was presented in an affidavit the material portion of which is as follows: "This affiant denies that he ever, at any time, told said Eastin that he did not want to try said case, and this affiant denies that he ever, at any time, told said Eastin that he wanted to compromise said cause, or that he would then, or at any other time, confer with said Eastin, or any other attorney for defendant respecting a compromise of said case. This affiant avers the truth to be that he talked or communicated with said Eastin about this case but once before the rendering of the judgment, and that was during or before the April term of this court, 1913; and that upon that occasion the said Eastin called this affiant up over the 'phone and requested of this affiant the personal favor of a continuance of said cause at said April term, and that this affiant granted said favor, and agreed to continue the said case at said April term, and that same was continued in compliance therewith; that during said 'phone conversation nothing whatever was said by either this affiant or the said Eastin about a settlement, compromise or adjustment of said suit, or controversy, or about negotiations therefor at any future time."

After this telephone conversation Mr. Eastin paid no further attention to the case relying upon his understanding gained therefrom that an effort would

be made to compromise it before either party would take further steps therein.

Before a party can have a judgment against him set aside on a motion of this character he must, in addition to a showing of meritorious defense, prove that his neglect of the case arose through no fault of his own, that is, that he exercised such diligence as an ordinarily reasonable man would have exercised under the same or similar circumstances. [Parks v. Coyne, 156 Mo. App. 379; Cross v. Gould, 131 Mo. App. 585; Fisher v. Fisher, 114 Mo. App. l. c. 632; Gehrke v. Jod, 59 Mo. 522.]

Now it will be noticed that the telephone agreement contained no express and definite stipulation as to any future continuance beyond the April term. The telephone conversation took place some six months before the judgment was rendered. During that time no effort was made to see whether a compromise could be effected. This duty rested as much on appellant as on respondent. And that after the April continuance there was to be nothing done on either side at any time in the future until an effort to compromise had been made and failed, seems to be an inference which Mr. Eastin drew from the conversation rather than an explicit and definite part of the agreement. The evidence shows that it was known that the Clinton circuit court would convene in September, and that one of appellant's attorneys inquired of the other what was to be done with this case, and that under the influence of the telephone conversation had prior to a former term months past, he was directed to pay no attention to it, and nothing was done to make sure that this view of the agreement was correct. We do not wish to be understood as saying that if the conversation took place as Mr. Eastin says it did he was wholly unjustified in thinking nothing would be done. Very likely one engaged in such a conversation, and understanding its general tone and effect and

having complete confidence in the probity and fairness as well as the high minded, honorable dealings of a brother attorney, might infer that no steps would be taken in the case without further notice. But we do say that the evidence presents a state of facts which are not wholly free from an inference of negligence which a reasonable mind might draw therefrom; and the trial court having found against appellant we cannot say that there is no foundation for the court's ruling. There was also evidence of an admission of one of appellant's other attorneys, made shortly after the discovery of the judgment, that "they forgot about the case." In addition to this, Mr. Cross denies that the telephone conversation related to anything other than a continuance at the April term which he says was granted as a personal favor to Mr. Eastin and at his request. Of course, if the conversation related solely to the April continuance and contained nothing to lead a reasonable mind to think that no steps would be taken in the case until further notice, then there was neither fraud nor mistake in the procurement of the judgment.

The inferences to be drawn from the entire situation as disclosed by the evidence, as well as the decision as to the facts disclosed by that evidence, were all for the trial court. The finding being against appellant, and there being evidence to support that finding under any view that may be taken of the case, the ruling on the motion cannot be disturbed by us. The judgment is, therefore, affirmed. All concur.