Charles L. WILLIS, III, Respondent,

v.

Donald C. PLACKE, Jr., Appellant.

No. 67110.

Missouri Court of Appeals,
Eastern District,
Division One.

June 20, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 27, 1995.

Thomas A. Connelly, St. Louis, for appellant.

Sheldon D. Korlin, Clayton, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Donald C. Placke, Jr. ("defendant"), appeals from the trial court's refusal to set aside a judgment entered in the Circuit Court of the County of St. Louis ordering him to pay respondent, Charles L. Willis, III ("plaintiff"), the sum of $50,240.00 plus interest at the rate of 9% per annum, on plaintiff's petition for account, account stated, and quantum meruit. We affirm.

The evidence adduced at the hearing on plaintiff's Amended Petition in Three Counts established that defendant hired plaintiff, an architect, to prepare drawings for a Toyota dealership in Ballwin. The dealership was never built. Defendant next asked plaintiff to prepare concept drawings for a three-story medical office building for the same site. Although plaintiff completed the work, construction on the project was never begun. Instead, defendant decided to pursue a 7–11 store for the site and asked plaintiff to develop the plans. Plaintiff did so, but the planning and zoning commission in Ballwin failed to give approval to the 7–11 due to traffic concerns. Finally, defendant asked plaintiff to develop the concept for an auto service mall for the site. When plaintiff's work on these plans was approximately 55% completed, defendant had plaintiff stop work on the project.

Plaintiff invoiced defendant for the work completed. Plaintiff testified defendant agreed to utilize a payment schedule to cover the invoice. Although plaintiff requested payment, defendant never paid.

Plaintiff filed suit against defendant on February 28, 1990. Defendant filed a motion to dismiss for lack of subject matter jurisdiction. This motion was granted on February 6, 1992. Plaintiff was given thirty days in which to amend his petition. On March 5, 1992, plaintiff filed his amended three-count petition. Robert Schaeffer, counsel for defendant, requested two thirty-day extensions in which to file an answer. No answer was filed, and Schaeffer withdrew by leave of court on July 2, 1992. On August 12, 1992, a judgment of default was entered against defendant. On August 24, 1992, Claude Hanks filed an entry of appearance on behalf of defendant. On that same date, Mr. Hanks filed an answer and requested a trial by jury. Additionally, the court set aside the default and ordered the cause set for trial.

On September 10, 1993, the court mailed notices that the cause had been set for the October 18, 1993 trial docket. Although no notice was sent directly to defendant, a notice was sent to Claude Hanks, counsel for defendant. The cause was called for trial on October 18, 1993. Plaintiff appeared with counsel. Defendant did not appear. At the close of plaintiff's evidence, the trial court entered an order in favor of plaintiff in the amount of $50,240.00 plus interest.

Defendant filed a motion to set aside judgment on September 9, 1994. In his motion, defendant claimed Claude Hanks had a heart attack "sometime ago" and retired to Florida. Defendant stated that "at or about that time" he was contacted by a lawyer who was taking over the files of Mr. Hanks. This lawyer told defendant he would be handling defendant's representation. Defendant does not remember this lawyer's name. Defendant's motion then set out his defenses to plaintiff's petition.

On September 29, 1994, a hearing was held on defendant's motion. The motion court refused to set aside the October 18, 1993 judgment. This appeal ensued.

Defendant raises one point on appeal. He contends the court erred in refusing to set aside the judgment in that defendant had been abandoned by counsel and defendant had meritorious defenses to plaintiff's cause of action.

We note defendant's only means of seeking relief from the judgment is pursuant to Rule 74.06(b) which allows that "upon such terms as are just, the court may relieve a party ... from a final judgment or order for ... mistake, inadvertence, surprise, or excusable neglect...." Here, although defendant did not appear for trial, he did—through

Claude Hanks—file an answer to plaintiff's petition. Consequently, a judgment rendered in this matter is viewed as a judgment on the merits, not a default judgment. *Cotleur v. Danziger*, 870 S.W.2d 234, 237 (Mo. banc 1994). Relief is not available for defendant to set aside the judgment under the less stringent standard of Rule 74.05(d).[1] As such, defendant's assertion that he has meritorious defenses to plaintiff's cause of action is of no benefit to defendant. A meritorious defense does not aid a party utilizing Rule 74.06(b).

 Defendant recognizes the established rule that, generally, the negligent actions of a party's attorney are imputed to the client. *Cotleur*, 870 S.W.2d at 238. However, evidence an attorney abandoned his/her client without notice provides a narrow exception to this rule. *Id.* Defendant argues he falls within this exception.

We note the only indication defendant was abandoned is his assertion of such in his motion to set aside judgment. Other than his own affidavit, defendant provided no affidavits or supporting documentation to bolster his claim.

 In addition, it has been stated that in order for a party to obtain relief pursuant to a motion to set aside, that party must show his neglect of the case occurred through no fault of his own. *Jones v. St. Joseph & G.I. Ry. Co.*, 183 Mo.App. 231, 170 S.W. 425, 426 (K.C.1914). The party seeking relief must establish "he exercised such diligence as an ordinarily reasonable man would have exercised under the same or similar circumstances." *Id.*

 Our review of the record indicates defendant was remiss in his defense of this lawsuit. Claude Hanks filed an entry of appearance and answer, requested a jury trial, and had the original default judgment set aside on August 24, 1992. The docket sheet indicates no additional activity on the part of the defendant until September 9, 1994, more than two years later, when defendant filed his motion to set aside the judgment entered a year before. Defendant points out the first notice he received that

anything had occurred regarding the lawsuit was when he was served with notice of execution of garnishment early in September of 1994. Thus, after the judgment of default due to defendant's failure to file an answer was set aside, defendant continued to do nothing for two years until he received notice of execution of garnishment a year after plaintiff had obtained a judgment.

Defendant's contention that he was abandoned by counsel is disingenuous. At the very minimum defendant should have attempted to maintain contact with his attorney during the pendency of the lawsuit. Defendant's motion to set aside suggested Claude Hanks suffered a heart attack and retired to Florida. However, there is no evidence in the file that Mr. Hanks withdrew as counsel. In addition, there is no notice of appearance for the attorney who allegedly took over defendant's file from Mr. Hanks. Defendant's failure to even note the name of this attorney is one more indication of defendant's lack of diligence in defending this matter.

Accordingly, we find the trial court's refusal to set aside the judgment appropriate and affirm the decision of that court.

REINHARD, P.J., and CRAHAN, J., concur.

---

1. Rule 74.05(d) provides that "[u]pon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside."