**Walter J. KARDELL, Plaintiff–Appellant,**

v.

**Darlene Kardell KOSER, Defendant–Respondent.**

No. 66182.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 30, 1996.

Roger S. Lahr, Clayton, for appellant.

Leroy M. Steiner, St. Louis, for respondent.

DOWD, Judge.

■ Father appeals the denial of his "Motion to Set Aside Judgment of Default and Quash Garnishment." We affirm.[1]

On January 16, 1978, the marriage of Father and Mother was dissolved. The dissolution decree ordered, *inter alia*, Father to pay $20 per week in child support for each of the two children born of the marriage. It further ordered the proceeds of a $1,500 deed of trust to be divided equally between Mother and Father upon its maturity.

On December 9, 1991, Mother filed a motion to modify the dissolution decree to increase the child support amount as to the one remaining unemancipated child. Mother further alleged that Father was $1,880 in arrears in child support and that she had not received her $750 share of the deed of trust. Mother also sought attorney fees. Father received notice of this motion; he filed an answer to the motion, and counsel for Father entered an appearance.

A hearing on the motion was held October 27, 1993. Neither Father nor Father's counsel was present at the hearing. By the date of the hearing, both of the children were emancipated. Therefore, the request for modification of child support was deemed moot. However, Mother testified as to Father's arrearages in child support and her not receiving her $750 share of the deed of trust proceeds. Mother's counsel testified as to the attorney fees related to this matter. The court found Father in arrears and that he had not paid Mother her share of the deed of trust proceeds. The court ordered Father to pay $2,320 in arrears, $750 for the deed of trust proceeds, and $1,362 in attorney fees.

Following a garnishment order being directed to Father's employer, Father filed a "Motion to Set Aside Judgment of Default and Quash Garnishment." Father requested the court's order be set aside pursuant to Rule 74.05 or Rule 74.06. He alleged that "the hearing date on the Motion set for October 27, 1993, was either by mistake or inadvertence not placed on the master docket in the office and neither [Father] nor his attorney were aware of the court date." He further alleged that some of the money he was ordered to pay has "previously been paid to [Mother] and [Mother] has misrepresented to the Court that these moneys have not been paid." A hearing on Father's motion was held. Father offered a written statement purportedly from the bank that managed the deed of trust. According to the statement, the bank's records had been partially destroyed by fire; however, the remaining records show that the deed of trust account was closed with a final distribution being made through the issuance of two

1. Wife has also filed a motion to dismiss and a Rule 84.19 motion for frivolous appeal with this court. We deny these motions. Husband's appeal is not frivolous as it presents "fairly debatable" issues in light of the record on appeal. *See Vanschoiack v. Adkins*, 854 S.W.2d 432, 435 (Mo. App.W.D.1993).

checks, one for $763.81 and the other for $750. The records did not reveal to whom the checks were issued, but the bank's statement indicated it would have followed the orders of a divorce decree directed to it. The court denied Father's motion.

■ On appeal, Father argues the court's order for payment of arrears and the deed of trust proceeds was a default judgment; therefore, the less stringent standard for setting aside a default judgment contained in Rule 74.05(d) should determine whether the judgment should be set aside rather than the more stringent standard of a case on the merits contained in Rule 74.06(b). This argument parallels the argument recently rejected by the Supreme Court of Missouri in *Cotleur v. Danziger*, 870 S.W.2d 234 (Mo. banc 1994). In *Cotleur*, the Court held that, although the wording of Rule 74.05 had been changed in 1988, the previous rule for determining whether a judgment was entered on default was preserved. *See, Id.* at 237. Where a party has answered a petition but fails to appear for trial, the judgment is deemed on the merits, not a default judgment. *Id.; see also Id.* at 239 (J. Robertson dissenting). In such circumstances, Rule 74.06 provides the standard for setting aside the judgment. *Id.* at 237.

Father attempts to distinguish *Cotleur* by arguing the court's judgment cannot be deemed on the merits because the court's action was predicated on a motion to modify the dissolution decree and the issue of modification was entered moot by emancipation of the children. Father's argument overlooks Mother's motion to modify included allegations of arrears and non-payment of the deed of trust proceeds and asked the court to order payment of these items. Father's answer to the motion addressed these allegations. *Cotleur* cannot be distinguished on these grounds.

■ We therefore hold Rule 74.06 provides the proper standard for determining whether the court's order should be set aside. In pertinent part, Rule 74.06 vests the court with the discretion to set aside a judgment where the moving party shows the judgment was the result of "mistake, inadvertence, surprise, or excusable neglect...." Rule 74.06(b). Father argues that the court should have set aside the orders to pay arrears and the deed of trust proceeds because he had the meritorious defense of unjust enrichment, Mother would suffer no substantial harm by setting it aside, and the mistake or inadvertence of not entering the hearing date in the office's master docket constitutes excusable neglect.

■ The trial court is vested with broad discretion in determining whether to grant a motion to set aside a final judgment pursuant to Rule 74.06(b). *Cotleur*, 870 S.W.2d at 238. We will not interfere with the trial court's ruling unless the record convincingly indicates an abuse of discretion. *Jeffries v. Jeffries*, 840 S.W.2d 291, 293 (Mo.App.E.D. 1992). Father has failed to cite any authority to support his argument that the court abused its discretion. Nor, does an examination of the record convincingly indicate an abuse of discretion has occurred. As in *Jeffries* we find that "[i]t was well within the trial court's discretion to find that [Father's] actions did not fall within the ambit of the rule and deny the motion." *Id.* at 294.

We affirm.

CRAHAN, P.J., and CRANDALL, J., concur.