**Ronald Jess LIGHTNER, Appellant,**

v.

**Sheila Dale LIGHTNER, Respondent.**

**No. WD 52600.**

Missouri Court of Appeals, Western District.

Dec. 31, 1996.

Kenneth D. Hassler, Kansas City, for appellant.

Marc R.H. Joseph, Independence, for respondent.

Before LOWENSTEIN, P.J., and BERREY and EDWIN H. SMITH, JJ.

BERREY, Judge.

Petitioner, Ronald Jess Lightner, hereafter Ronald, filed a Petition for Dissolution of Marriage in the Circuit Court of Jackson County, Missouri. Sheila Dale Lightner, respondent, filed an Answer and Cross–Petition. Following a hearing on the merits which was not attended by Ronald, the Commissioner entered Findings and Recommendations. The decree was subsequently approved following the denial of the motion for rehearing by Judge Moran.

Extensive discovery ensued and eventually the case came for hearing on January 29, 1996, pursuant to respondent's notice. On January 22, 1996, Ronald's attorney filed an application to withdraw as attorney of record for Petitioner. The attorney alleged failure and refusal of Petitioner to communicate and cooperate with him and Petitioner's desire to proceed pro se as reasons for his seeking to withdraw. The application to withdraw was also noticed for hearing on January 29, 1996.

Ronald's attorney appeared on January 29, 1996, but Ronald did not appear. The Commissioner granted the application to withdraw and instructed Ronald's attorney to try to locate him as she intended to proceed and hear the matter on January 29, 1996. Ronald's attorney was unsuccessful in his attempt to locate Ronald.

The Commissioner then heard the evidence on Sheila's Cross–Petition, divided the marital property and entered detailed Findings and Recommendations. At this junc-

ture, Ronald secured the service of another attorney, who entered his appearance and filed an affidavit from Ronald and a motion for rehearing on February 13, 1996. It was denied on February 23, 1996. A Motion for New Trial was filed on March 22, 1996, and denied on March 26, 1996.

From this, Ronald appeals alleging two points of error. Point I alleges that the court erred in denying Ronald's Motion for New Trial, because the court permitted Ronald's attorney to withdraw immediately before hearing the matters on the merits and II, that the court erred in allowing the case to proceed to trial without Ronald being present.

Under Point I, Ronald alleges that a default judgment was entered against him. This is not so. Ronald's pleadings were not stricken and appropriate responsive pleadings were on file. A similar situation is addressed in *Cotleur v. Danziger*, 870 S.W.2d 234 (Mo. banc 1994).

In *Cotleur*, the husband filed his answer and cross petition. The wife's initial attorney withdrew and she retained another attorney, who neither entered his appearance or appeared for trial, after proper notice was sent by husband's attorney. The case was heard on his cross-petition and a decree of dissolution was entered. Wife's motion to set aside judgment was denied and she appealed. The Missouri Supreme Court stated "The rule continues to be that where a party ... files a Petition, then files an answer to a crosspetition, but fails to appear for trial the judgment is not a default but, rather, is a judgment on the merits." *Id.* at 237.

In his motion for new trial, Ronald states he has meritorious defenses and that good cause exists to excuse his default and permit him to be heard on the issues. His affidavit filed contemporaneously contains similar language. However, he does not set forth what his "meritorious defenses" are. Ronald does not set forth what mistake was made, nor does he specifically allude to any inadvertent surprise or excusable neglect as required by Rule 74.06. Since the judgment he attacks is not a default judgment, he must comply with

Rule 74.06. His efforts as noted by his affidavit is a claim of meritorious defenses are germane only as it attempts to set aside a default judgment, Rule 74.05, which this was not.

Appellant's Point I is denied.

Under Point II, Ronald alleges the court erred in proceeding to trial without his presence.

In a court-tried case, *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), controls appellate review. To reverse the lower court, one must establish there was no substantial evidence to support the judgment, that the finding was against the weight of the evidence or it erroneously declares or applies the law.

Negligence on the part of Ronald's attorney is imputed to Ronald. *Cotleur v. Danziger, Id.* at 238, wherein the court held "Generally action of a party's attorney, including procedural neglect that precludes a client's substantive rights be imputed to the client." The exception being when an attorney abandons his client. *Id.* at 238. No such abandonment applies in the instant case. Not only was Ronald apprised of his attorney's motion for leave to withdraw, but he desired to proceed pro se.

The court in *Kardell v. Koser*, 914 S.W.2d 842 (Mo.App.1996), noted it would not interfere in a trial court's ruling absent a clear showing of abuse of discretion. We perceive no abuse of discretion. To the contrary, the commissioner went to extraordinary lengths to learn what Ronald's intentions were, to no avail. The matter was heard and judgment entered on the merits.

Appellant's Point II is denied.

Affirmed.

All concur.