PREFERRED LASER SERVICES, INC., Appellant,

v.

Ken ABATE, Respondent.

No. ED 81905.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 23, 2003.

Robert A. Miller, Chesterfield, MO, for respondent.

Eric Walter, St. Louis, MO, for appellant.

## OPINION

GLENN A. NORTON, Presiding Judge.

Preferred Laser Services, Inc. appeals the judgment granting Ken Abate's motion to set aside the judgment entered against him on Preferred Laser's claim for tortious interference. We affirm.

## I. BACKGROUND

In 1998, Preferred Laser filed a petition alleging that Ken Abate and Supplies Network, Inc. ("SNI") had tortiously interfered with Preferred Laser's contracts and business expectancies. Abate filed an answer to the petition, and thereafter his counsel withdrew. Abate chose to proceed *pro se,* and service was thereafter made directly to Abate at his address in Hazelwood.

In February 2000, SNI moved for summary judgment as to the claims against it; the motion did not address Preferred Laser's claims against Abate. In May, the court removed the case from its original trial setting and continued the case for trial setting after a ruling on the summary judgment motion. In June, Abate moved from Hazelwood to St. Charles and had his mail forwarded to his new address. The trial court's minutes of proceedings shows that there was virtually no activity in this case between May of 2000 and July of 2001, when SNI's motion for summary judgment was granted.[1] In the order granting that motion, the court set a scheduling conference for the purpose of setting a trial date for Preferred Laser's claims against Abate. The record reflects that this order was sent to Abate in Hazelwood. Abate did not appear at the scheduling conference, and the court ordered trial set for August 20, 2001. That order was also sent to Abate in Hazelwood. On August 20th, the case was called for trial. When Abate failed to appear, Preferred Laser sought and was granted a continuance until September 6th. The court mailed a copy of the order indicating the new trial date to Abate, again at his address in Hazelwood. But this time the order was returned, undelivered, to the court on August 29th, with a notation that the time for forwarding mail had expired.

Although the returned envelope noted Abate's new address, the order was not resent.

When the case was called for trial on September 6th, Abate again did not appear. Evidence was presented, and judgment was entered that day in favor of Preferred Laser. The judgment was first sent to Abate's old address and then later, on October 1st, was sent to his new address. On October 17th, Abate filed a motion to set aside the judgment under Rule 74.06(b) on the grounds that his failure to appear was the result of mistake, inadvertence or excusable neglect. He also sought relief under Rule 74.03 on the theory that the court failed to serve him with notice of the trial date. In his affidavit attached to the motion, Abate stated that after he moved, he did not receive any documents regarding the lawsuit at his new address or forwarded from his old address until he received a copy of the judgment in October of 2001. He had mistakenly believed that the motion for summary judgment pertained to all of Preferred Laser's claims and, after the extended period of inactivity, assumed that the motion had resolved the case and no further action was required on his part.

The court granted Abate's motion and set the judgment aside, finding that it had proceeded to trial on the mistaken belief that the order setting trial had been resent to Abate's new address after it was returned undelivered. Preferred Laser appeals.

## II. DISCUSSION

■ Rule 74.06(b) permits, but does not require, courts to set aside a final judgment where the movant shows mistake, inadvertence, surprise, or excusable neglect. *Cotleur v. Danziger,* 870 S.W.2d

---

1. The only activity noted in the minutes during this period is correspondence.

234, 238 (Mo. banc 1994). Preferred Laser contends that Abate's neglect was not excusable because his need for this relief arose solely from his own carelessness, inattention and willful disregard of court process.

■ We agree that Abate must show that "his neglect of the case occurred through no fault of his own" and must establish that he exercised the diligence an ordinarily reasonable person would have exercised under similar circumstances. *Willis v. Placke*, 903 S.W.2d 219, 221 (Mo. App. E.D.1995). But each case of excusable neglect should be considered on its own facts, and the trial court has broad discretion in determining whether to grant a motion under Rule 74.06(b). *Burris v. Terminal R.R. Ass'n*, 835 S.W.2d 535, 539 (Mo.App. E.D.1992); *see also Kardell v. Koser*, 914 S.W.2d 842, 844 (Mo.App. E.D. 1996). We will not interfere with that determination unless the record clearly and convincingly indicates an abuse of discretion. *Kardell*, 914 S.W.2d at 844. An abuse of discretion exists where the ruling is clearly against the logic of the circumstances before the court and is so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration. *In re Marriage of DeWitt*, 946 S.W.2d 258, 261 (Mo.App. W.D.1997). If reasonable people may differ about the propriety of the court's decision, then no abuse of discretion will be found. *Id.*[2]

We cannot say that the trial court abused its discretion under the circumstances before it in this case. Reasonable people could certainly disagree as to whether Abate exercised the diligence an ordinary person in his circumstances would have. One could conclude, for instance, that Abate's reliance on mail forwarding and inattention to the progress of the lawsuit was inexcusable neglect and, thus, his failure to receive notice of the trial was his fault alone. On the other hand, one could say that it was reasonable for Abate to rely on mail forwarding and that, having received no information during an extended period of inactivity in the case, he was justified in assuming that it was resolved by the summary judgment motion. This is not a case where the movant has failed to present any explanation for his neglect. *See, e.g., Burleson v. Fleming*, 58 S.W.3d 599, 606 (Mo.App. W.D.2001) (trial court has no discretion to grant motion where movant made no effort to explain actions or provide mitigating circumstances); *see also Finley v. St. John's Mercy Medical Center*, 958 S.W.2d 593, 597 (Mo.App. E.D. 1998) (reversible error to grant motion where movant presented no facts constituting excusable neglect). Nor is this a case with evidence of willful neglect or

---

2. Preferred Laser argues that this case should be reviewed under the standards set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. 1976) because Abate's motion was filed more than thirty days after the judgment was entered and, therefore, should be construed as an independent action in equity. Its reliance on *Sprung v. Negwer Materials, Inc.*, 727 S.W.2d 883 (Mo. banc 1987) and *Sprung v. Negwer Materials, Inc.*, 775 S.W.2d 97 (Mo. banc 1989) is misplaced. The motions at issue in those cases were made before Rule 74.06 was in effect, and that rule was not applicable to or considered in the Supreme Court's deci-

sions. Those cases were decided under Rule 75.01 and held that a trial court has no jurisdiction thereunder to vacate a judgment more than thirty days after its entry; that may only be done in an independent action in equity, which should be reviewed under *Murphy v. Carron*. Here, Abate's motion was properly brought under Rule 74.06, which gives the trial court jurisdiction to set aside a judgment beyond the thirty-day limit in Rule 75.01. This was not an independent equity action and is properly reviewed for abuse of discretion.

without mitigating circumstances. *See, e.g., Marriage of DeWitt,* 946 S.W.2d at 262 (abuse of discretion to grant motion where movant's conduct was consistent with pattern of delay over decade-long proceeding and his excuses were contradicted by the record). The weight to be given to Abate's explanation and any mitigating factors was for the trial court to determine.

The record reveals that the trial court carefully considered the circumstances in this case—including its own mistaken belief that the notice of trial had been re-sent to Abate at his new address. Its decision was logical under the circumstances, was not arbitrary and does not shock our sense of justice.

Point III is denied.

 In a court-tried case, we may sustain the judgment if the result was correct for any reason supported by the record. *Koehr v. Emmons,* 55 S.W.3d 859, 862 (Mo.App. E.D.2001). Having concluded that there is a tenable basis under Rule 74.06(b) to sustain the trial court's decision, we do not reach the merits of Preferred Laser's other points on appeal, in which it contends the judgment should not have been set aside under Rule 74.03. *See In re Marriage of DuBois,* 875 S.W.2d 223, 228 (Mo.App. S.D.1994). Points I and II are denied as moot.

### III. CONCLUSION

The judgment is affirmed.

ROBERT G. DOWD, JR., J. and MARY K. HOFF, J. concurring.