

# In the Missouri Court of Appeals
# Eastern District
## DIVISION TWO

| | | |
|---|---|---|
| JAMES W. SHANKS, JR., | ) | Nos. ED109185 |
| | ) | ED109186 (consolidated into above) |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | Cause Nos. 1511-FC00125-01 |
| | ) | 1511-FC00125-02 |
| | ) | |
| MEAGEHN M. SHANKS, | ) | Honorable John P. Banas |
| | ) | |
| Respondent. | ) | Filed: July 20, 2021 |

## OPINION

This appeal challenges an order by the circuit court setting aside its own prior judgments regarding a motion to modify child support and a motion for contempt. Considering the trial court's decision is entitled to deference under the applicable abuse of discretion standard, we affirm the trial court's decision to set aside its order modifying child support. As to the contempt judgment, we reverse.

### Facts & Procedural Background

On February 24, 2015, the Circuit Court of St. Charles County entered a judgment dissolving the marriage between Appellant/husband, James Shanks, and Respondent/wife, Meagehn M. Shanks. The judgment included an amount for child support to be paid by Appellant to Respondent. In 2016, Appellant filed a motion to modify the judgment as to child

support, citing a decline in his income since the dissolution judgment was entered. After considerable litigation, a modification judgment was entered on May 16, 2017.

Appellant appealed the 2017 modification judgment to this court (Case No. ED106437).[1] His notice of appeal raised four issues challenging the child support amount as calculated on Form 14, as well as the retroactive application of that calculation. But that appeal was never briefed or completed because a portion of the transcript was unavailable. Because of the missing transcript, this court ordered the judgment reversed. This court's mandate ordered the case "remanded to the circuit court for a new trial on the record, due to the absence of a transcript, in accordance with this Court's order dated August 31, 2018."

During the course of litigation regarding the motion to modify, on December 7, 2017, Appellant also filed a motion for contempt alleging Respondent had failed to comply with the dissolution judgment in multiple respects.

On February 13, 2019, after this court's remand for lack of a transcript, the parties appeared for a hearing on the record regarding Appellant's motion to modify as well as his motion for contempt. At that hearing, Appellant's counsel indicated the circuit court did not need to consider new evidence regarding the motion to modify. However, the parties submitted evidence addressing the motion for contempt.

On June 4, 2019, the trial court entered two separate judgments, one addressing the motion to modify and the other for contempt. These judgments are referred to here as the "Modification Judgment" and the "Contempt Judgment." The Modification Judgment recited that Appellant had lost his previous job and experienced a substantial reduction in income. Because the parties did not submit updated financial information to the trial court, the court

---

[1] This court takes judicial notice of its own appellate records in this previous related case in order to provide a more complete understanding of the context of this appeal. *Kim v. State*, 591 S.W.3d 873, 876 n.2 (Mo. App. S.D. 2019).

apparently entered the Modification Judgment based on evidence submitted in 2017, before the first appeal and outdated by more than two years by the time judgment was entered.

In contrast, the Contempt Judgment relied on evidence submitted by the parties at the February 13 hearing, specifically addressing financial matters and Respondent violating previous trial court orders. In the June 4, 2019 judgment, the court ordered relief in favor of both Appellant and Appellant's attorney as a consequence of Respondent's conduct and following careful consideration of the multiple contempt allegations. The court found Respondent in contempt after failing to pay the legal fees incurred in the dissolution, entered judgment against her and in favor of Appellant, but ordered Respondent to pay the previously ordered $1,841.25 within 90 days of the entry of the June 4 judgment. Additionally, the court found that Appellant incurred additional, unnecessary legal expense due to Respondent's actions and entered a separate financial judgment against her and in favor of his attorneys in the amount of $2,000.00.

Less than one year after the circuit court entered both the Modification Judgment and the Contempt Judgment, Respondent filed a motion pursuant to Rule 75.06(b) to set aside both judgments on May 27, 2020. Respondent's motion alleged that at the time of the February 13, 2019 hearing Appellant's employment situation had changed and his income had substantially increased. Respondent further alleged that these facts were unknown to the trial court at the time of the June 4, 2019 Modification Judgment and that, as a result, statements in that judgment were incorrect. Respondent also requested that the Contempt Judgment be set aside, on the basis that that judgment was entered "with findings based on testimony and evidence" submitted at the same February 13, 2019 hearing.

After an evidentiary hearing, where Appellant admitted that at the time of the February 13, 2019 hearing his employment situation had changed and his income had substantially

increased when compared to 2017, the circuit court granted Respondent's motion to set aside

both the Modification Judgment and the Contempt Judgment. Appellant appeals both rulings,[2]

raising four points of error. Points I-III all challenge the decision to set aside the Modification

Judgment. Point IV addresses setting aside the Contempt Judgment.

## *Standard of Review*

The judgment denying a motion filed pursuant to Rule 74.06(b) is appealable. *In re*

*Marriage of Hendrix*, 183 S.W.3d 582, 587 (Mo. banc 2006). The trial court is vested with broad

discretion in determining whether to set aside a judgment under Rule 74.06 and its decision shall

not be reversed unless the record clearly and convincingly proves an abuse of that discretion. *Id*.;

*In re Marriage of DeWitt*, 946 S.W.2d 258, 260-61 (Mo. App. W.D. 1997). "An abuse of

discretion occurs when a trial court's ruling is clearly against the logic of the circumstances then

before the court and is so unreasonable and arbitrary that it shocks the sense of justice and

indicates a lack of careful, deliberate consideration." *Id*. (quoting *Hancock v. Shook,* 100 S.W.3d

786, 795 (Mo. banc 2003)). "If reasonable persons can differ as to the propriety of the trial

court's action, then it cannot be said that the trial court abused its discretion." *Id*.

## *Discussion*

Respondent's motion to set aside the Modification Judgment and Contempt Judgment

was based on Rule 74.06(b), which provides as follows:

> **(b) Excusable Neglect—Fraud—Irregular, Void, or Satisfied Judgment.** On
> motion and upon such terms as are just, the court may relieve a party or his legal
> representative from a final judgment or order for the following reasons: (1)
> mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether
> heretofore denominated intrinsic or extrinsic), misrepresentation, or other
> misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is

---

[2] Appeal No. ED109185 addresses the decision setting aside the Modification Judgment and No. ED109186 challenges the decision with respect to the Contempt Judgment. By order dated September 25, 2020, the court consolidated these appeals on its own motion.

void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

Respondent invokes subparts (2) and (5) of this rule. The motion to set aside was timely filed within one year of the entry of the judgments. *See* Rule 74.06(c).

Because the issues involved are distinct, we address Points I-III, relating to the Modification Judgment, separately from Point IV addressing the Contempt Judgment.

<u>Points I-III — The Modification Judgment</u>

Appellant's first three points challenge the trial court's decision to set aside the Modification Judgment. With respect to these points, this court finds the most important overall consideration is its standard of review. While the evidence heard below might allow for more than one conclusion regarding certain facts, we cannot conclude that the trial court abused its discretion in setting aside the Modification Judgment.

As an initial matter, the court notes the scope of the previous remand mandate from this court, following the first appeal. A remand "for a new trial, all in accordance with the Opinion of this Court," is a "general remand" under Missouri law. *Davis v. J.C. Nichols Co.*, 761 S.W.2d 735, 737 (Mo. App. W.D. 1988). A general remand is distinguishable from a "remand with specific directions," which directs a circuit court to act pursuant to enumerated instructions. *See Pope v. Ray*, 298 S.W.3d 53, 57-58 (Mo. App. W.D. 2009); *State ex rel. St. Charles County v. Cunningham*, 401 S.W.3d 493, 495 (Mo. banc 2013). "A general remand leaves all issues open to consideration [in] the new trial. The pleadings may be amended and new facts produced." *Pinkston v. Ellington*, 845 S.W.2d 627, 629 (Mo. App. E.D. 1992) (citing *Butcher v. Main*, 426 S.W.2d 356, 358 (Mo. 1968)). This can result in a "new state of facts" after remand — "a totally different case from that appearing on the first appeal." *Smith v. Brown & Williamson Tobacco Corp.*, 410 S.W.3d 623, 634 (Mo. banc 2013); *Choate v. Dunaway*, 254 S.W.2d 298, 303 (Mo.

App. Spr. 1953). The remand from the first appeal, based on a missing transcript, was a general remand. "[A]ll issues" were therefore open to consideration following the remand and at the February 13, 2019 hearing.

Among the issues addressed by the trial court following remand were Appellant's income and employment status. It is undisputed that certain facts set forth in the Modification Judgment regarding these topics were not correct at the time the judgment was entered. These incorrect factual findings were important to the outcome of the Modification Judgment, resulting in a lower child support amount owed by Appellant. The Eleventh Judicial Circuit's Local Rule 68.8 imposes a specific requirement to update financial information in dissolution matters prior to a trial on the merits, and that did not occur prior to the February 13, 2019 hearing that resulted in the Modification Judgment. At that hearing, the circuit court heard a statement that it could base its ruling on the previous record set down before the first appeal. Based on these and other facts, the trial court held that the Modification Judgment should be set aside.

Appellant challenges the trial court's conclusion in three primary ways, Points I-III of his brief. Point I asserts that Respondent's motion and the evidence she submitted in support of it did not satisfy each required element for setting aside a judgment under Rule 74.06(b). We have reviewed the evidence and applicable legal requirements, and we disagree. In particular, Appellant relies on case law discussing a distinction between matters "extrinsic or collateral" to the judgment's merits and other kinds of defects in a judgment. *E.g.*, *In re Marriage of Brown*, 703 S.W.2d 59, 60 (Mo. App. E.D. 1985); *State ex rel. Lowry v. Carter*, 178 S.W.3d 634, 637 (Mo. App. W.D. 2005). Though this distinction is important when challenging a previous

6

judgment in some circumstances, it does not apply to a motion to set aside a judgment under Rule 74.06(b),[3] which is what is at issue in the current case.

Appellant's Point II argues that Respondent, who was present at the February 13, 2019 hearing, was not prevented from "fully exhibiting and trying [her] case" at that hearing, citing *Blackstock v. Kohn*, 994 S.W.2d 947, 953 (Mo. banc 1999), and *In re Adoption of C.P.G.B.*, 302 S.W.3d 745, 753 (Mo. App. S.D. 2010). The circumstances of this case, however, persuade us that this rule is inapplicable and does not prevent the judgment from being set aside. By local rule, Appellant was to ensure the record was correct regarding his financial information. The indication at the February 13, 2019 hearing was that new evidence was unnecessary, which effectively closed the submission of evidence and concluded the record involving the motion to modify. The trial judge, who was present at that hearing, is in a better position to evaluate that than is this court. Moreover, in both *Blackstock* and *C.P.G.B.*, the motion to set aside the judgment was denied in the trial court and appellate courts reviewing that decision determined that denial was not an abuse of discretion. Here, by contrast, the trial court granted Respondent's motion, and the abuse of discretion standard cuts the other way. We cannot say, on the record before us, that the trial court's decision was "clearly against the logic of the circumstances then before the court and [was] so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Hendrix*, 183 S.W.3d at 587.

Finally, Point III of Appellant's brief asserts that Respondent's motion to set aside should have been pursued as a direct appeal. To the contrary, however, it is difficult to see how a direct

---

[3] Neither *Brown* nor *Lowry* involved a Rule 74.06(b) motion. In *Brown*, which predated Rule 74.06, this court considered whether to set aside a judgment under the court's equitable authority. *Lowry* involved a motion to set aside a judgment under Rule 74.06(d), not (b). Additionally, in both cases the judgment in question was more than one year old at the time it was challenged, unlike the present matter.

7

appeal could have been useful here. Appeals are for correcting issues of law, but the incorrect information in the Modification Judgment relates to matters of fact, not law.

The trial judge presided at the February 13 hearing and is in a unique position to evaluate how it impacted the Modification Judgment. The same trial judge has presided over this ongoing matter for years, beginning with the dissolution and followed by the frequently resurfacing progeny, as it turned, bended and twisted through what has evolved into a lengthy legal labyrinth created at the parties' insistence. While this matter undoubtedly has been a taxing odyssey for the trial court, the trial court is unquestionably the most familiar with the issues involving the parties. Under the applicable standard of review, we are not in a position to second guess these conclusions. Although there may be alternative interpretations of the record available, based on the foregoing we cannot conclude that the trial court abused its discretion in setting aside the judgment pursuant to Rule 74.06(b).

Points IV — The Contempt Judgment

While the record below provides sufficient basis to affirm the decision setting aside the Modification Judgment, the same is not true of the Contempt Judgment. Rule 74.06(b) reaches only errors which, if known, would have prevented entry of a judgment. *Finley v. St. John's Mercy Med. Ctr.*, 958 S.W.2d 593, 597 (Mo. App. E.D. 1998). The Contempt Judgment was based on Respondent's failure to pay her portion of the attorneys' fees associated with the 2015 judgment of dissolution, as well as Respondent's failure to respond to Appellant and his counsel to resolve some matters outside court and her prolonging this litigation.[4] In contrast to the Modification Judgment, this holding did not depend in any way on Appellant's 2019 income or

---

[4] In its thoughtful judgment addressing the contempt allegations, the trial court cited these factors as influencing the $2,000.00 judgment in favor of husband's attorney. In fact, the trial court expresses concern that "this case has incurred delays as a result of the Respondent," according to the contempt judgment entered on June 4, 2019.

employment status. Nor was Respondent held in contempt of a judgment that has now been set aside: Respondent was held in contempt of the original February 24, 2015 judgment dissolving the parties' marriage and there is no indication that the portion of that judgment allocating fees between the parties has ever been altered. Therefore, the setting aside of the Contempt Judgment is reversed and that judgment is reinstated in full force and effect.[5]

### *Conclusion*

The trial court's order setting aside the Modification Judgment is affirmed. The order setting aside the Contempt Judgment is reversed.

_____
Thom C. Clark, Judge

Sherri B. Sullivan, C.J., concurs.
Lisa P. Page, J., concurs.

---

[5] On the morning of the oral argument in this appeal, Respondent filed a motion to strike Appellant's brief, asserting lack of jurisdiction and that Appellant's brief was deficient under Rule 84.04. That motion was taken with the case. The motion is now denied.