**In the Matter of Marion Ann Drewes DONOVAN, Debtor.**

**Howard & Marlene Wooten, Plaintiffs,**

**v.**

**Marion Ann Drewes Donovan d/b/a Regency Motors, a Nebraska partnership; Marion Ann Drewes Donovan, individually, Defendant.**

**Bankruptcy No. BK99–41930.
Adversary No. A99–4088.**

United States Bankruptcy Court,
D. Nebraska.

Nov. 7, 2000.

**226**

Richard Douglas McClain, Lincoln, NE, for plaintiff.

Dana London, Lincoln, NE, for debtor.

## *JOURNAL ENTRY*

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This adversary proceeding is before the Court to determine dischargeability of a debt upon the parties' Stipulation of Facts (Fil. # 14) and Supplemental Stipulation of Facts (Fil. # 17). Judgment is entered in favor of the defendant.

The plaintiffs obtained a judgment in the District Court of Lancaster County, Nebraska, upon a jury verdict in their favor on their allegations of odometer fraud against Kerry M. Donovan and Marion Drewes Donovan, individually and as partners doing business as Regency Motors. The plaintiffs seek to have their claim against Marion Drewes Donovan determined non-dischargeable under 11 U.S.C. § 523(a)(2)(A) because the defendant allegedly committed fraud.

Section 523(a) provides in relevant part:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

\*     \*     \*     \*     \*     \*

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud . . . .

In order to prevail on this claim, the plaintiffs must establish, by a preponderance of the evidence, all of the elements required therein. *Grogan v. Garner*, 498 U.S. 279, 286–87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (preponderance of the evidence standard applies to § 523 claims). The exceptions to discharge in § 523(a) are to be strictly construed in favor of the debtor. *Geiger v. Kawaauhau (In re Geiger)*, 113 F.3d 848, 853 (8th Cir.1997).

For a debt to be declared nondischargeable under § 523(a)(2)(A) for fraud, the plaintiffs must show: (1) that the debtor made a representation; (2) that she made the representation at a time when she knew the representation was false; (3) that the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) that the creditor justifiably relied on such representation; and (5) that the creditor sustained a loss as a proximate result of the representation having been made. *Universal Bank, N.A. v. Grause (In re Grause)*, 245 B.R. 95, 99 (8th Cir. BAP 2000).

The plaintiff seeks to establish facts supporting a finding of non-dischargeability by giving collateral estoppel or res judicata effect to the state decree. This adversary proceeding was submitted to the court on stipulated facts. The parties agreed that the court could decide the matter based on the agreed facts in lieu of trying the case. The evidence before the court contains the state court petition, jury instructions, verdict, and judgment.[1]

The principles of res judicata (or claim preclusion) generally apply to bankruptcy proceedings. *Katchen v. Landy*, 382 U.S. 323, 334, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). Collateral estoppel (or issue preclusion) applies in bankruptcy dischargeability proceedings brought under

---

1. The initial Stipulation of Facts contained a copy of the state court petition and the docket notation indicating entry of judgment in favor of the Wootens in accordance with the jury verdict. At the Court's request, the parties subsequently supplemented the Stipulation by submitting a copy of the jury instructions and the verdict returned by the jury.

§ 523(a). *See Grogan v. Garner,* 498 U.S. at 284–85 n. 11, 111 S.Ct. 654.

■■ Claim preclusion will bar a subsequent suit when: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same cause of action; and (4) both suits involved the same parties or their privies." *W.A. Lang Co. v. Anderberg–Lund Printing Co. (In re Anderberg–Lund Printing Co.),* 109 F.3d 1343, 1346 (8th Cir.1997) (quoting *Lovell v. Mixon,* 719 F.2d 1373, 1376 (8th Cir.1983)). Furthermore, the party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect. *Plough v. West Des Moines Community Sch. Dist.,* 70 F.3d 512, 517 (8th Cir.1995).

■■ The doctrine of collateral estoppel "has the dual purpose of protecting litigants from the burden of relitigating an identical issue ... and of promoting judicial economy by preventing needless litigation." *Kelly v. Armstrong,* 141 F.3d 799, 801 (8th Cir.1998) (quoting *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)). Four requirements must be met before a finding in a previous case is conclusive: (1) the issue must be identical to that involved in the prior proceeding; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment. *Kelly v. Armstrong,* 141 F.3d at 801 (citing *Farmland Indus., Inc. v. Morrison–Quirk Grain Corp.,* 987 F.2d 1335, 1339 (8th Cir. 1993)).

■■ Res judicata is not applicable here as the claim adjudicated in state court did not involve determination of the dischargeability of debt under 11 U.S.C. § 523.

■■ Collateral estoppel of the state decree is not appropriate because the debtor Marion Drewes Donovan's interest in the state court proceeding was much different than it is in the proceeding before this court. In the state proceeding she was liable, in her partnership capacity, whether the odometer fraud was a result of her personal conduct or the conduct unknown to her, of her partners or partnership employees. In this bankruptcy case, the non-dischargeability of Ms. Donovan's obligation hinges upon whether she personally committed fraud or was an accomplice or facilitator thereof. Not only was the interest of Ms. Donovan different in the state court proceedings, there is no evidence before me from which I can determine whether the parties actually litigated and whether she personally committed fraud and, if so, what findings were made on that issue in the state litigation. I thus conclude that, although the state proceedings are binding upon Marion Drewes Donovan in establishing her liability to the plaintiff, these proceedings do not establish the facts necessary for that obligation to be non-dischargeable in bankruptcy. Furthermore, even if I gave collateral estoppel effect to the state proceeding, I would still conclude that plaintiffs had failed to prove their case.

The plaintiffs have not established that the debtor committed actual fraud or false representation. As part of the stipulated facts before the Court, the parties submitted the jury instructions given in the odometer fraud case. A careful review of those instructions reveals that the defendants in that case were held jointly and severally liable for the fraud that was committed. *See* Instruction Number 7 (Fil. # 17) ("There are three defendants in this lawsuit. Their interests are the same. If you find in favor of one of them, you must find in favor of all of them. If you find against one of them, you must find against all of them.").

Similarly, the burden of proof instruction did not distinguish among the defendants or the fraudulent acts or omissions committed by each of them. *See* Instruction Number 2 (Fil. # 17). The instruction

is ambiguous as to whether the jury had to find that the debtor personally committed any acts of fraud or whether she was held responsible for the acts or omissions of a co-defendant. Therefore, the record of the trial court as submitted to this court does not establish that the jury found that defendant Marion Drewes Donovan personally committed fraud upon these plaintiffs. Thus, giving collateral estoppel effect to the state decree would not establish the elements of § 523(a)(2)(A). The plaintiff has failed to meet their burden of proof.

A separate judgment for the defendant will be entered.