**In re James Russell JONES, Jr., Debtor.**

**David Walls, Plaintiff,**

v.

**James Russell Jones, Jr., Defendant.**

**Bankruptcy No. 00–46920–293.**
**Adversary No. 00–4237–293.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

June 6, 2001.

Greg Kessler, Frankel, Rubin, Bond & Dubin, P.C., St. Louis, MO, for Debtor/Defendant.

Janice Valdez, Kramer and Frank, P.C., St. Louis, MO, for Plaintiff.

A. Thomas DeWoskin, St. Louis, MO, trustee.

## *MEMORANDUM OPINION*

DAVID P. McDONALD, Bankruptcy Judge.

Plaintiff David Walls seeks summary judgment from the Court declaring that a state court judgment that he was awarded against Defendant James Russell Jones, Jr. is not dischargeable. The judgment arose from allegations of fraud and false representations surrounding the sale of a motor vehicle. The Court finds that the state court judgment was based on a finding of fraud and false representation and that the judgment is excepted from discharge under 11 U.S.C. § 523(a)(2)(A).[1]

## *JURISDICTION AND VENUE*

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409.

## *PROCEDURAL BACKGROUND*

On July 14, 2000, Debtor James Russell Jones, Jr. filed a voluntary petition seeking relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1330. An order discharging Debtor was entered on October 31, 2000.

Plaintiff David Walls received a judgment against Jones from the Circuit Court of St. Louis County on December 2, 1998. The court had found Jones guilty of fraud in the sale of a 1990 Corvette and awarded total damages in the amount of $98,076.87.

Walls filed this adversarial proceeding on October 23, 2000, seeking a ruling that this judgment debt is not dischargeable under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6). On March 15, 2001, Walls filed the present motion for summary judgment.

## *FINDINGS OF FACT*

The following undisputed facts are established from the pleadings, briefs, and exhibits filed in this case:

1. Jones filed for relief under Chapter 7 of the Bankruptcy Code on July 14, 2000.

2. Jones formally did business as Mirage Motors Company and was engaged in the business of selling used automobiles. He was a dealer and distributor of used vehicles.

3. On or about October 9, 1995, Jones purchased a 1990 Chevrolet Corvette from Elco Chevrolet, Inc.

4. On or about March 4, 1996, Jones sold the vehicle to Rick Benz and certified that the mileage on the vehicle's odometer reflected the actual miles of the vehicle.

5. On or about May 10, 1996, Rick Benz sold the vehicle to Plaintiff David Walls.

6. Walls filed a lawsuit against Jones in the Circuit Court of St. Louis County, State of Missouri, Cause No. 98CC–000178, alleging that Jones sold the car to Benz without revealing that the Corvette was salvaged and that Jones falsely represented that the mileage on the vehicle's odometer was the actual mileage of the car. Walls alleged that Jones was guilty of common law fraud; a violation of the federal Odometer Act, 49 U.S.C. §§ 32701 et seq.; a violation of Missouri odometer statutes, R.S.Mo. § 407.521 and § 407.536;

---

1. The original Complaint asserted an exception to discharge under § 523(a)(4). The Complaint was amended by interlineation to substitute a claim under § 523(a)(2)(A) for § 523(a)(4).

and a violation of the Missouri Unlawful Merchandise Act, R.S.Mo. § 407.020.

7. During the lawsuit, Jones failed to respond to the court's discovery order. As a sanction the court struck Jones' pleadings and entered judgment against Jones on the issue of liability on August 24, 1998.

8. On November 30, 1998, the case was called for trial on the issue of damages. Neither Jones nor his attorney appeared.

9. On December 2, 1998, after a trial in which Walls presented evidence of damages, the Circuit Court of St. Louis County entered a judgment in favor of Plaintiff and against Jones finding that:

(a) Jones d/b/a/ Mirage Motors purchased a vehicle that had a title previously branded "salvage" and "not actual miles;"

(b) Jones knew that the title to the vehicle had been "washed clean and did not have the required brands" and that Jones contracted to buy the vehicle at a discounted price due to the fact that the vehicle had a salvage history and mileage discrepancy;

(c) Jones knew that if he certified the miles as actual and failed to surrender the title to the Missouri Department of Revenue to be properly branded, that it would put all persons down the chain of title in a position to knowingly or unknowingly resell the vehicle to an unsuspecting buyer who would "get stuck with an unsafe and worthless vehicle;"

(d) Jones sold the vehicle to Rick Benz and Rick Benz sold the vehicle to Plaintiff and that Plaintiff was an unsuspecting buyer in the chain of title;

(e) Jones failed to disclose to Rick Benz in the title for the vehicle that the vehicle had a "salvage" title, was branded "unrebuildable" or that there was an "odometer discrepancy;"

(f) Jones certified that the mileage of the vehicle was actual mileage, knowing that it was not the actual mileage;

(g) Jones failed to have the vehicle inspected by the Missouri Highway Patrol and failed to give Rick Benz a Highway Patrol Inspection Certificate for the vehicle;

(h) Jones failed to surrender the vehicle title to the Missouri Department of Revenue with a statement setting forth all facts known to Jones about the vehicle;

(i) Jones failed to obtain a new title branded "not actual mileage," "salvaged," "junk" or "reconstructed;"

(j) Jones gave Rick Benz a title that did not indicate that the vehicle was "salvaged" or "junk" and did not indicate to Rick Benz that there was an odometer discrepancy;

(k) Jones intended and had reason to suspect that his representations would be repeated and communicated to an unsuspecting purchaser such as Plaintiff who would rely on such representations to his detriment;

(l) Jones concealed and failed to disclose on the title to all subsequent purchasers that the title history was branded "not actual mileage," "salvaged" or "junk," and thereby implicitly represented that such facts did not exist; and

(m) at no point in time did Jones have the salvaged vehicle inspected by the Missouri Highway Patrol and did not supply any buyer of the vehicle with a Highway Patrol Inspection Certificate in violation of R.S.Mo. § 301.190.

10. The state court judgment found for Walls and against Jones on all counts of Walls' petition including common law fraud, a violation of the federal Odometer Act, a violation of the Missouri odometer statutes, and violation of the Unlawful

Merchandising Practices Act. The court entered judgement as follows:

(a) for common law fraud, actual damages in the amount of $24,992.29;

(b) for violation of the "Federal Odometer Statute," actual damages in the amount of $24,992.29 and treble actual damages in the amount of $74,976.87 and attorney's fees in the amount of $23,100.00, for total damages of $98,076.87;

(c) for violation of the "Missouri Odometer Statute," actual damages in the amount of $24,992.29 and treble actual damages in the amount of $74,976.87 and attorney's fees in the amount of $23,100.00, for total damages of $98,076.87;

(d) for violation of the Unlawful Merchandising Practices Act, actual damages in the amount of $24,992.29 plus attorney's fees in the amount of $23,100.00, for total damages in the amount of $48,092.29.

11. Walls was required by the state court to make an election of remedies and elected judgment under the federal Odometer Act. The total award under that Act was $98,076.87.

12. Jones filed a motion to set aside the judgment based on excusable neglect for his failure to respond to discovery or appear at trial. After a hearing, this motion was denied on March 22, 1999.

13. The circuit court's ruling declining to set aside its judgment was affirmed by the Missouri Court of Appeals on March 28, 2000.

14. At the time that Jones filed his bankruptcy petition, the total outstanding balance owed to Walls on the state court judgment was $98,076.87 plus interest at nine percent from December 2, 1998.

Based on these undisputed facts, Wells seeks summary judgment declaring that his state judgment award against Jones is excepted from discharge.

### LEGAL STANDARD

In considering whether to grant summary judgment, a court examines all of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any ...." Fed. R.Civ.P. 56(c). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Lynn v. Deaconess Medical Center*, 160 F.3d 484, 486 (8th Cir.1998)(citing Fed.R.Civ.P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, if any, or by citation to the pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. *Id.* at 324, 106 S.Ct. 2548.

### DISCUSSION

Walls argues that he is entitled to summary judgment. He asserts that the undisputed facts establish that a Missouri court found that Jones committed fraud and determined the damages to be $98,076.87. A debt is excepted from discharge under 11 U.S.C. § 523(a)(2)(A) if it was obtained by false pretenses, a false representation or actual fraud. Walls ar-

gues that the state court's finding of fraud and damages presumptively established a nondischargeable debt under § 523(a)(2)(A).

Jones does not dispute any facts in the case. His sole defense is that there is no evidence that he made any false representations to Walls or that he committed any actual fraud towards Walls. The finding of fraud in the state proceeding was based on Jones' pleadings being stricken and not on a full trial of the merits on that issue.

■ Walls has asserted that the doctrine of res judicata applies to bar Jones from relitigating the issue of fraud in the present proceeding. The principles of res judicata (claim preclusion) generally apply to bankruptcy proceedings. *Katchen v. Landy*, 382 U.S. 323, 334, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). Claim preclusion will bar a subsequent suit when: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same cause of action; and (4) both suits involved the same parties or their privies." *In re Anderberg–Lund Printing Co.*, 109 F.3d 1343, 1346 (8th Cir.1997) (quoting *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir.1983)). Furthermore, the party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect. *Plough v. West Des Moines Community Sch. Dist.*, 70 F.3d 512, 517 (8th Cir.1995). Res judicata, however, is not applicable in the present case as the claim adjudicated in state court did not involve determination of the dischargeability of debt under 11 U.S.C. § 523. *See In re Donovan*, 255 B.R. 224 (Bankr.D.Neb.2000).

■ The Court next considers whether collateral estoppel (issue preclusion) warrants summary judgment in favor of Walls. Collateral estoppel principles apply

in discharge exception proceedings pursuant to § 523(a). *Grogan v. Garner*, 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Collateral estoppel is the legal doctrine which bars the relitigation of factual or legal issues that were determined in a prior court action. *In re Miera*, 926 F.2d 741, 743 (8th Cir.1991). When an issue related to a nondischargeability complaint may have already been decided by a state court judgment, the bankruptcy court looks to state law to determine the preclusive effect of that judgment. *In re Scarborough*, 171 F.3d 638, 641 (8th Cir.1999). Collateral estoppel will give a state court judgment preclusive effect in a bankruptcy proceeding if the judgment would preclude relitigation in other courts within the state. *Id.*

■ Missouri courts consider the following four factors to determine if an issue is subject to collateral estoppel: (1) the issues in the present case and the prior adjudication must be identical; (2) the judgment in the prior litigation must be on the merits; (3) the party against whom collateral estoppel is asserted must be the same party or in privy with a party in the prior litigation; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior suit. *Id.* at 641–642 (quotations and citations omitted).

■ The facts of the case establish that the application of collateral estoppel to the present proceeding is appropriate. The issues of fraud and false representation concerning the title to the 1990 Corvette are identical in both the prior state case and the current challenge to dischargeability presently before the Court.

■ The Missouri Court of Appeals found that the circuit court's judgment against Jones for fraud and odometer mis-

representation was a judgment on the merits. *See* Pl.'s Mot. Summ. J. Exhibit 1 at 4 n.2. The Court of Appeals recognized that when a pleading is stricken and a judgment of liability is entered as a sanction, such a judgment is deemed to be on the merits and not by default. *Id.* (citing *In re Marriage of DeWitt*, 946 S.W.2d 258, 261 (Mo.Ct.App.1997)(relying on *Cotleur v. Danziger*, 870 S.W.2d 234, 236 (Mo. banc 1994) when a party has filed a responsive pleading but then has failed to appear at the hearing on the case, the resulting adverse judgment is a judgment on the merits, not a default judgment)).

The party against whom collateral estoppel is being asserted, Jones, was the identical party in the prior litigation.

Finally, Jones was afforded a full and fair opportunity in the previous suit to litigate the issue of fraud or false representation. Although Jones' liability was determined as the result of a sanction for failure to comply with the trial court's order concerning discovery, Jones, through his counsel, was given every opportunity to attend the hearing on this issue but failed to do so. It is undisputed that on the day of the hearing for discovery sanctions, August 24, 1998, Walls' counsel called Jones' counsel and reminded him that the motion for sanctions was being called that day. Neither Jones nor his counsel attended the hearing.

The case was then reset for trial on November 30, 1998, to address the issue of damages. It is uncontested that Walls' counsel sent Jones' counsel notices of depositions which took place before the trial. Neither Jones nor his counsel attended the depositions. Nor did Jones or his counsel appear at the trial. After an adverse verdict was rendered against Jones, he filed a motion with the trial court to have the judgment set aside based on excusable neglect. The trial court denied Jones' mo-

tion. It found that Jones' failure to follow his case was inexcusable, even if his counsel had abandoned his case as Jones claimed. The appellate court affirmed the finding that Jones' failure to appear at the various trial court proceedings, either personally or through counsel, did not constitute excusable neglect.

The Court finds that Jones was given every opportunity to fully and fairly litigate the accusations of fraud and false representation in the trial court. Two Missouri courts have found that Jones' failure to attend trial court proceedings was inexcusable. Jones' own negligent conduct should not allow him to relitigate the issue of fraud for which a Missouri court has found him liable. Consequently, the Court finds that all of the elements of collateral estoppel have been established in this case. Jones is collaterally estopped from relitigating the issues of fraud and false representation which form the basis of the state court judgment which Walls seeks to have declared excepted from discharge. Accordingly, the Court will grant summary judgment to Walls under 11 U.S.C. § 523(a)(2)(A).

Based on the resolution of this matter under 11 U.S.C. § 523(a)(2)(A) the Court need not address Walls' motion under 11 U.S.C. § 523(a)(6).

An Order consistent with this Memorandum Opinion will be entered this date.